IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FULCRUM INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NUMBER |
| v. | ) |
| | ) 00-C-1772-S |
| JOEL L. ROBERTS, MAE BELLE, | ) |
| RAINEY, MARTHA HANNA, RICKY | ) |
| THOMAS, EARL THOMAS, MAMIE | ) |
| BAGGETT, and ROBERT THOMAS | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION
GRANTING ALTERNATIVE MOTIONS TO TRANSFER**

In this diversity case seeking declaratory judgment concerning insurance coverage *vel non*, the Mississippi resident defendants and Defendant Joel Roberts, an Alabama resident, have moved to dismiss or alternatively to transfer this case to the Northern District of Mississippi. The alternative motions are due to be granted.

I.

This case arises out of automobile insurance policy issued to Roberts by the plaintiff, Fulcrum Insurance Company, a New York corporation. While the policy was in force, Roberts was involved in an accident while driving a tractor trailer rig in DeSoto County, Mississippi. Two people were killed in the accident. Roberts duly notified the plaintiff of the accident. As a result of the accident, two lawsuits are pending in DeSoto County. The plaintiff has assumed the defense of these lawsuits, reserving its right to subsequently deny coverage.

In this case, the plaintiff seeks a declaration from this court that it is obligated neither to

defend Roberts in the Mississippi lawsuits nor to indemnify him for payments of any judgments rendered against him in those cases. In addition to Roberts, it has named as defendants all of the plaintiffs in the two Mississippi lawsuits.

The plaintiff's position is based on certain alleged misrepresentations by Roberts on his insurance application. Roberts allegedly answered "no" to the question of whether he had any traffic violations. Just above Roberts' signature on the application is a statement that an applicant who knowingly provides materially false information is subject to criminal and civil penalties.

On October 21, 1999, the plaintiff received a Motor Vehicle Report ("MVR") on Roberts. The MVR revealed that Roberts had been charged with Driving Under the Influence of Alcohol ("DUI") a month before he completed his and submitted his insurance application to the plaintiff. Apparently, Roberts' license had been suspended on June 25,1999, due to a DUI conviction. At the time of the accident, Roberts' blood alcohol content was alleged more than twice (.09%) the legal limit for a commercial truck driver (.04%).

II.

The Court is not at all convinced that it has *in personam* jurisdiction over the Mississippi defendants. For aught that appears, none of them have sufficient minimum contacts with the State of Alabama to satisfy due process requirements. Seemingly, haling them into an Alabama court to defend this action is unreasonable.

However, the Court need not reach that issue. Clearly, the case should be transferred to the Northern District of Mississippi. Most of the witnesses are in there. Assuming *arguendo* this Court's *in personam* jurisdiction, requiring these defendants to come to an Alabama court to defend this action would work an extreme hardship. Moreover, the documents and records

concerning the accident are in Mississippi.  And, all of the parties are subject to the jurisdiction of the Mississippi court.  Although Alabama law would apply in determining the coverage issue, there is no reason why a Mississippi judge cannot understand and apply Alabama law.

For all of these reasons, the Motions to Transfer will be granted.

Done this 22d day of September 2000.

_____
Chief United States District Judge
U. W. Clemon